

**SIGNED this 10th day of July, 2008.**

_____
**FRANK R. MONROE
UNITED STATES BANKRUPTCY JUDGE**

_____

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | X | CASE NO. 06-11248 FRM |
| WALTER LEE HALL, JR. | X | |
| | X | CHAPTER 7 |
| | X | |
| DEBTOR | X | CASE NO. 06-10657 |
| | X | |
| | X | CHAPTER 13 |

MEMORANDUM OPINION

This matter appears before the Court on the Debtor's Motion for Leave to Proceed *In Forma Pauperis* on Appeal. The Debtor seeks to proceed with his appeals of two orders in Case No. 06-11248 being the Order Denying Debtor's Motion to Reopen Pursuant to 11 U.S.C. §350(b) and Fed. R. Bankr. Proc. 5010 & 4007(b) to *Inter Alia* Determine Dischargeability of Debts Not Described by 11 U.S.C. §523(c) entered on May 22, 2008 and the Order Denying Debtor's Motion to Reconsider Pursuant to Fed. R. Bankr. Proc. 9023 & Fed. R. Civ. Proc. 59(e) the Order Denying

1

Debtor's Motion to Reopen Pursuant to §350(b) and Fed. R. Bankr. Proc. 5010 and 4007(b) to *Inter Alia* Determine the Dischargeability of Debts Not Described by 11 U.S.C. §523(c) entered on June 16, 2008 and two orders in Case No. 06-10657 being the Order Denying Debtor's Motion to Reopen Pursuant to 11 U.S.C. §350(b) and Fed. R. Bankr. Proc. 5010 & 4007(b) to *Inter Alia* Determine Dischargeability of Debts Not Described by 11 U.S.C. §523(c) entered on May 22, 2008 and the Order Denying Debtor's Motion to Reconsider Pursuant to Fed. R. Bankr. Proc. 9023 & Fed. R. Civ. Proc. 59(e) the Order Denying Debtor's Motion to Reopen Pursuant to §350(b) and Fed. R. Bankr. Proc. 5010 and 4007(b) to *Inter Alia* Determine the Dischargeability of Debts Not Described by 11 U.S.C. §523(c) entered on June 16, 2008. He seeks this approval to proceed pursuant to 28 U.S.C. §1915(a) without paying the requisite filing fees.

<u>Issues Presented</u>

May the Debtor proceed *in forma pauperis* on appeal?

<u>Findings of Fact and Conclusions of Law</u>

A motion to proceed *in forma pauperis* ("IFP") in an appeal from an order of the bankruptcy court should be entertained by the bankruptcy court. *In re Moore,* 86 B.R. 249, 250 (Bankr. W.D. Okla. 1988). In *Moore*, the bankruptcy court relied on 28 U.S.C. §158(c) and the Federal Rule of Appellate Procedure 24(a) in concluding that the bankruptcy court, rather than the district court, should entertain the motion. The *Moore* court noted that 28 U.S.C. §158(c) states that an appeal from the final order of a bankruptcy judge shall be taken in the same manner that an appeal in a civil case is taken to the court of appeals from the district court. *Id.* When a party seeks leave to proceed IFP in an appeal from a district court to an appeals court, he must file his motion with supporting affidavit in the district court which rules on the motion. *Id.* (citing Fed. R. App. P. 24(a)). Reading

the statute and the rule in conjunction, the *Moore* Court held that a motion to proceed IFP in an appeal from the bankruptcy court to the district court should be made first to the bankruptcy court for determination. *Id.*

Having determined that the motion is properly before this Court, the question that remains is whether the requested relief can be granted. Title 28 U.S.C. §1915 governs proceedings IFP. Federal courts may authorize the maintenance of an action without prepayment of fees and costs if a person shows, by affidavit, that "the person is unable to pay such fees or give security therefore." 28 U.S.C. §1915(a)(1). The supporting affidavit must state the facts of the affiant's poverty with "some particularity, definiteness and certainty." *U.S. v. McQuade,* 647 F.2d 938, 940 (9th Cir. 1981)(per curiam)(citation omitted). The statute also authorizes courts to dismiss an IFP action if: 1) the allegation of poverty is untrue; 2) the action is frivolous or malicious; 3) the action fails to state a claim; or 4) the action seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2). However, the court should exercise leniency when construing *pro se* IFP applications. *See Balistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir. 1990); *Crisafi v. Holland,* 655 F.2d 1305, 1308 (D.C. Cir. 1981)(per curiam).

A party to a district court action who desires to appeal IFP must first file a motion with the court, adhering to the filing requirements of §1915(a). *See also,* Fed. R. App.P. 24(a)(1). Additionally, the party must also show an entitlement to redress and a statement of the issues to be presented on appeal. *Id.* If the court finds that the appeal is frivolous, it has the power to deny leave to proceed IFP. *Hooker v. American Airlines,* 302 F.3d 1091, 1092 (9th Cir. 2002). If the court denies the motion to proceed on appeal IFP, the party may subsequently file a motion to proceed on appeal IFP in the court of appeals. Fed. R. App. P. 24(a)(5).

Fed. R. App. P 24(a)(1) requires that the party attach an affidavit that (A) shows in the detail prescribed by Form 4 of Appendix of Forms the party's inability to pay or to give security for fees and costs. Pursuant to Form 4, the party must answer whether he is presently employed, his salary, employer, wages per month, position and dates of employment, his marital status, if married the amount of spouse's salary, the spouse's employer, spouse's wages per month, spouse's position and dates of employment and whether spouse is dependent on the party for financial support. The party should state how many children, their names and ages and whether such are dependent on the party for financial support as well as the names of any other persons dependent on the party's financial support and how much is contributed for such support. The party must complete whether any money has been received from the following sources within the last year: business, profession or self employment, rent payments, interest or dividends, pensions, annuities or life insurance payments, gifts or inheritance, family or friends or other sources. The party must describe each source of money received, if any. The party must also set forth any checking or savings accounts and any money in such accounts, any interest in real estate, stocks, bonds, notes, automobiles or other valuable property and describe such property, any mortgages, liens or debts secured by that property and the unpaid balance of the debt. Last, the party must specifically list all expenses (item by item) which have been paid during the last six months as well as to list specific exceptional reasons or circumstances that the party feels entitles him to proceed IFP.

The Debtor does not list any of the required information on the Form other than that he has some interests in real property that are in active dispute and that he owns no personal property other than household furnishings, clothes, tools fo the trade or personal effects. He lists no employment income nor does he state that he is unemployed. He merely lists his expenses as in excess of $10,000

per month and that his unpaid claims in bankruptcy exceeded $800,000 and that such have not been discharged. He claims he is unable to pay the fees and/or give security therefore since his creditors are seeking to satisfy their judgments and because the Internal Revenue Service has garnished his wages for the past two months.

The Debtor's affidavit does not state the facts of his poverty with particularity as required by Form 4 nor with any definiteness and certainty. At one time the Debtor owned a home and rent houses. He does not set forth any specific information about this real property or any other property, personal or otherwise, that he owns. Further, if the Internal Revenue Service is garnishing his wages, the Debtor obviously has a job. He has not listed any of the required information about his employment, salary, wages per month, etc. And, although he claims his expenses exceed $10,000 per month, he fails to itemize such expenses. The Debtor provides no other information required by the Form. Due to the limited financial information the Debtor provides in his affidavit, the Court is not able to find that he may proceed IFP.

Additionally, the Debtor's "affidavit" is not an affidavit as it was not sworn to before a notary public.

Beyond a demonstration of poverty, §1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. §1915(a)(3); *see also Perry v. Sec. of HUD (In re Perry),* 223 B.R. 167, 169 (Bankr. 8th Cir. 1998). "The bankruptcy court should review any. . . *in forma pauperis* filing to determine if it is in good faith." *Valente v. Donahue*, 2004 U.S. Dist. Lexis 111786, at *2 (N.D. Ill. June 25, 2004).

The Debtor indicates in his Motion that he is appealing form the Court's denial of his Motions to Reopen his bankruptcy cases and his Motions to Reconsider such Motions to Reopen

to urge that discharge orders were actually granted in at least one (1) of the bankruptcy cases and that he is being illegally pursued and harassed in violation of 11 U.S.C. §524(a).

Case No. 06-11248

In its Order Denying Debtor's Motion to Reopen entered May 22, 2008, the bankruptcy court reviewed the appellant's history of uncooperative behavior. The Court included in its Order Denying its findings from its Memorandum Opinion issued in connection with the Debtor's own Motion to Dismiss his case as follows:

> Here we do not have a "honest, but unfortunate debtor that the bankruptcy laws were enacted to protect." Here we have an individual in his second bankruptcy case whose first was dismissed for his failure to supply the required information to the trustee. It stayed dismissed because of the Debtor's failure to comply on a timely basis with §521(a)(1). In his second case, his lack of compliance with §521(a)(1) is much more egregious. His actions smack of "thumbing one's nose" at the requirements imposed upon a debtor under §521. Additionally, in both cases, he persisted in filing adversary proceedings against his secured creditors claiming their liens to be invalid for the most ridiculous and legally unsupportable reasons. He has further filed numerous additional pleadings with no merit. He has caused the Chapter 13 Trustee and the Chapter 7 Trustee untold expense, time and trouble. He transferred real estate out of his Chapter 13 estate to a corporate entity he controls without notice to creditors or without court order authorizing same. He has shown nothing but disregard for the bankruptcy laws except to the extent he can use them as an attempt to frustrate legitimate collection efforts by his secured creditors.

The Court continued, "[t]his case is the poster child for a bad faith debtor."

The Bankruptcy Court never issued a Discharge Order in this case as this case was dismissed upon the Debtor's own request. As such, the Court determined that there was no reason to reopen the case to determine the dischargeability of debt as no debts were discharged. In his Motion to Reconsider the Order Denying the Motion to Reopen, the Debtor alleged that this Court's Order Dismissing Case constitutes a discharge order. As the Court pointed out in its Order Denying Motion to Reconsider, the Debtor's understanding of bankruptcy law is misplaced. The Debtor requested

dismissal of this case prior to the entry of any discharge order and then failed to appeal the Order Dismissing which was his avenue for relief, if any.

In this appeal the Debtor alleges that this Court mischaracterized the discharge that he believes was actually granted and that he is being illegally pursued and harassed in violation of 11 U.S.C. §524(a). There are no legal grounds for this appeal. In fact, his appeals are without arguable merit either in law or in fact. *Napier v. Preslicka,* 314 F.3d 528, 531 (11th Cir. 2002); *Bilal v. Driver,* 251 F.3d 1346, 1349 (11th Cir. 2001). More specifically, "arguable means capable of being convincingly argued." *Sun v. Forrester,* 939 F.2d 924, 2925 (11th Cir. 1991)(per curiam). The Debtor has caused his own misfortune here.

This appeal is frivolous and has been brought in bad faith.

Case No. 06-10657

The Court entered an Order for Summary Dismissal as the Debtor failed to submit tax returns pursuant to 11 U.S.C. §521(e)(2). On the Debtor's attempt to reinstate the case, this Court determined that pursuant to 11 U.S.C. §521(i)(1), his Chapter 13 was automatically dismissed on June 16, 2006 (the 46th day after the petition date); therefore there was no basis for which the case could be reinstated. The Court entered an Order Denying the Debtor's Motion to Reinstate on August 16, 2006. The Court also denied the Debtor's Motion to Reconsider the Motion to Reinstate as moot as the Debtor had filed a second bankruptcy case. The Court's actions have already been sustained on appeal by the District Court pursuant to an Order entered March 14, 2007 in Case A-06-CA-843-SS.

Here again, the Court never issued a discharge order in this case as it was automatically dismissed upon request on the 46th day after the petition date. This was due to the Debtor's own failure to comply with Bankruptcy Code requirements.

In this appeal the Debtor alleges that this Court mischaracterized the discharge that he believes was actually granted through the Order Dismissing and that he is being illegally pursued and harassed in violation of 11 U.S.C. §524(a). There is no legal grounds for this appeal. The Debtor has caused his own misfortune here.

This appeal is frivolous and has been brought in bad faith.

## Conclusion

The Debtor's Motions For Leave to Proceed *In Forma Pauperis* on Appeal in the above-referenced cases will be denied by separate order entered of evendate herewith. There has been no demonstration of poverty with particularity and the issues raised in these appeals are so frivolous that the appeals would be dismissed in the case of a nonindigent litigant. 28 U.S.C. §1915(a)(3). *See also, Liles v. South Carolina Dep't of Corrections,* 414 F.2d 612, 614 n.1 (4th Cir. 1969)(noting that district court may determine that issues raised on appeal are so frivolous that appeal would be dismissed in case of nonindigent litigant). This Court certifies that these appeals are frivolous and have been brought in bad faith.

###